```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
PAULIN SHABAJ,                           :
                                         :
              Petitioner,                :    09 Civ. 885(JSR)
                                         :
              -v-                        :    MEMORANDUM ORDER
                                         :
MARK R. FILIP, Acting Attorney           :
General; DEPARTMENT OF HOMELAND          :
SECURITY; JANET NAPOLITANO,              :
Secretary, Department of Homeland        :
Security; UNITED STATES IMMIGRATION      :
AND CUSTOMS ENFORCEMENT; JOHN P.         :
TORRES, Acting Assistant Secretary,      :
United States Immigration and Customs    :
Enforcement; and JOHN CARBONE, Acting    :
Field Director, United States            :
Immigration and Customs Enforcement,     :
New York District,                       :
                                         :
              Respondents.               :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On January 30, 2009, Petitioner Paulin Shabaj filed a complaint and petition for a writ of habeas corpus and a request for an emergency stay of removal. By Order dated February 3, 2009, this Court ordered a temporary stay of Mr. Shabaj's removal so that it could determine whether it has jurisdiction over this action. After considering the issue, the Court concludes that it does not have jurisdiction.

Petitioner Shabaj is a native and citizen of Albania. On November 10, 2000, he entered the United States with a fraudulent Italian passport in the name "Marco Napolitano." Compl. ¶ 10. At the time, he was deemed by Immigration and Customs Enforcement ("ICE") to have entered under the "Visa Waiver Program," Pet. Mem. at

2; Govt. Mem. at 1, pursuant to which citizens of participating countries -- including Italy, but not including Albania -- may enter the United States and remain for up to 90 days without a visa, see 8 U.S.C. § 1187.  Upon his arrival, Mr. Shabaj applied for political asylum on the ground that he had fled Albania for fear of persecution, Compl. ¶ 11; accordingly, his application was considered for "asylum-only" proceedings under 8 C.F.R. § 1208.2(c).  The application for asylum was denied by an immigration judge on October 3, 2001, and that denial was affirmed by the Board of Immigration Appeals ("BIA") on February 25, 2003.  Compl. ¶ 11.[1]

On July 6, 2005, Mr. Shabaj married Gystina Shabaj, a U.S. citizen, and on August 31, 2005, Ms. Shabaj filed a Petition for Alien Relative (Form I-130), on behalf of her husband.  Id. ¶ 12.  This petition was approved on February 15, 2006.  Id.  Mr. Shabaj's ensuing Application for Adjustment of Status (Form I-485) and Application for Waiver of Inadmissibility (Form I-601), however, were denied by Citizenship and Immigration Services ("CIS") on February 20, 2007.  Mr. Shabaj obtained new counsel and submitted a new Application for Adjustment of Status and Application for Waiver of Inadmissibility on April 22, 2008.  Id. ¶ 13.

Petitioner Shabaj asserts that on January 26, 2009, he appeared with his counsel at the New York office of CIS and, without any interview or discussion, was informed that his second Application

---

[1] The BIA also subsequently denied two motions to reopen Mr. Shabaj's appeal.  Compl. ¶ 11.

for Waiver of Inadmissibility was being denied and that he was being taken into custody by ICE for processing as a visa waiver entrant. Id. ¶ 14.  On the same day, he was served with an "Order of Removal Under Section 217 of the Immigration and Nationality Act" -- in other words, an order removing him under the provisions of the Visa Waiver Program.  Id. ¶ 15.

Petitioner claims that this order of removal was improper, as he does not fall within the provisions of the Visa Waiver Program. The Government argues that this Court does not have jurisdiction to hear Mr. Shabaj's claim because the REAL ID Act of 2005, codified at 8 U.S.C. § 1252 ("REAL ID Act") divests federal district courts of jurisdiction to review any challenge to a removal order except in limited circumstances that are not relevant here.  Moreover, they argue, in seeking admission to the U.S. under the Visa Waiver Program Mr. Shabaj waived, as all such applicants are required to do, any right to review or appeal of the initial determination of his admissibility and to contest any removal action taken against him. The only exception to this waiver is an application for asylum, and Mr. Shabaj's application has been fully adjudicated.  Finally, the Government also asserts that jurisdiction is barred by 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Because this Court finds that it lacks jurisdiction

3

on the ground that Mr. Shabaj seeks review of a valid final order of removal, it does not reach these latter two issues.

Under 8 U.S.C. § 1252, jurisdiction to review a final order of removal of an alien is vested exclusively -- with limited exceptions not at issue here -- in the courts of appeals. As the Second Circuit has explained, section 106(a)(1)(B) of the REAL ID Act (codified at 8 U.S.C. § 1252(a)(5)) "unequivocally eliminate[d] habeas corpus review of orders of removal," Marquez-Almanzar v. Immigration and Naturalization Service, 418 F.3d 210, 215 (2d Cir. 2005), (again with a few limited exceptions not relevant to this case).[2] Petitioner argues that these provisions do not divest this Court of jurisdiction because he is not properly subject to Section

---

[2] The provision, codified at 8 U.S.C. § 1252(a)(5), reads

> Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review . . . .

See also 8 U.S.C. § 1252(b)(9) ("Consolidation of questions for judicial review"):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . to review such an order or such questions of law or fact.

4

217 of the Immigration and Nationality Act ("INA") and the corresponding regulations and so the January 26, 2009 Order of Removal with which Mr. Shabaj was presented, <u>see</u> Ex. E to Compl., is not a valid "order of removal" to which the jurisdictional limitations of 8 U.S.C. § 1252 apply.

The basis for petitioner's argument that he is not properly subject to § 217 of the INA is that he is not a national of Italy or of any country that participates in the Visa Waiver Program and so, although he did present an Italian passport when he arrived in the U.S., he was not admitted under its auspices.  In other words, he argues that because he only pretended to be eligible for the Visa Waiver Program, he is exempt from removal under its provisions.  The regulations governing the Visa Waiver Program, however, contemplate that persons, including asylum-seekers, may from time to time seek entry to the U.S. under the Program's provisions using fraudulent travel documents.  8 C.F.R. § 217.4(a)(1) states, in relevant part, that

> [a]n alien who applies for admission under the provisions of [the Visa Waiver Program] . . . who is in possession of and presents fraudulent or counterfeit travel documents, will be refused admission into the United States and removed.  Such refusal and removal shall be made at the level of the port director or officer-in-charge, . . . and shall be effected without referral of the alien to an immigration judge for further inquiry, examination, or hearing, except that an alien who presents himself or herself as an applicant for admission under section 217 of the Act, who applies for asylum in the United States must be issued a Form I-963, Notice of Referral to Immigration Judge, for a proceeding in accordance with [the provisions governing review of applications for asylum].

Under the plain language of the statute, an alien presenting fraudulent travel documents may be removed at the moment of attempted entry without any referral to an immigration judge at all. The sole exception to this rule is that an alien "who presents himself or herself" as an applicant for the Visa Waiver Program and then applies for asylum is entitled to review of his or her application for asylum. Mr. Shabaj clearly "present[ed] himself" as an applicant under the Program: he has submitted a copy of the I-94W form that he filled out -- albeit under the fraudulently-assumed name of "Marco Napolitano" -- when he arrived in the U.S. in November of 2000. Ex. A to Compl. He therefore falls within the purview of 8 C.F.R. § 217.4(a)(1).

The parties debate the implications of Kanacevic v. Immigration and Naturalization Service, 448 F.3d 129 (2d Cir. 2006). In that case, the Second Circuit held that a summary order issued by the BIA denying asylum to an alien who entered the U.S. under the Visa Waiver Program and then applied for asylum is the "functional equivalent of a removal order under the provisions of the Visa Waiver [P]rogram" so that a petition for review falls within the court of appeals' exclusive jurisdiction under 8 U.S.C. § 1252(a)(1). Id. at 135. As an initial matter, the Court notes that the central issue presented in Kanacevic -- whether a summary order denying asylum is the equivalent of an order of removal -- is not in question here, where Mr. Shabaj was presented with an "Order of Removal," see Ex. E to Compl., a label that would appear to indicate that this Court lacks jurisdiction to review this petition.

6

Kanacevic did, however, present a situation similar to that in the instant case in that the petitioner had, like Mr. Shabaj, entered the country under the Visa Waiver Program using fraudulent travel documents but was in fact a national of a non-participating country.  Id. at 132.  Mr. Shabaj contends Kanacevic should not be taken to stand for the proposition that an alien in such a position is properly subject to removal under § 217 of the INA because Ms. Kanacevic did not raise, and so the Second Circuit did not address, the question of whether her case was appropriately classed as falling under the Visa Waiver Program.  Given the language of 8 C.F.R. § 217.4(a)(1), however, the Court does not find any ground to conclude that cases such as Mr. Shabaj's and Ms. Kanacevic's cannot properly be treated as subject to the provisions of that Program.  Mr. Shabaj "present[ed] himself," upon his entry to the U.S., as an Italian national participating in the Visa Waiver Program.  Once he applied for asylum, he was entitled to "asylum-only" proceedings, see 8 C.F.R. § 208.2(c)(iii); Kanacevic, 448 F.3d at 133, which he does not dispute that he received, and "unless granted relief in those proceedings, . . . [could] be removed without further proceedings," Kanacevic, 448 F.3d at 133.  The district court lacks jurisdiction to review the ensuing order of removal under 8 U.S.C. § 1252.

The Court recognizes, however, that subsequent to the denial of his application for asylum, Mr. Shabaj married a U.S. citizen, thereby establishing an alternate ground for seeking to remain here.  His complaint alleges that the actions taken by ICE to remove him under § 217 constitute an attempt to cut off his right to appeal the

7

denial of his second Application for Waiver of Inadmissibility. Mr. Shabaj does not ask this Court to review the denial of his Application for Waiver.[3] He did, however, initially request that the Court stay his removal during the pendency of his appeal of that denial, see Compl., and subsequently, by letter dated February 9, 2009, he has asked in the alternative that the Court stay his removal for two to three days so that he can seek an appeal and stay from the Second Circuit Court of Appeals. The Court grants petitioner's latter request and orders that his removal be stayed for three (3) days, i.e., until 5:00 p.m. on February 13, 2009, so that he can seek relief from the Court of Appeals.

Except as to the enforcement of this stay, this case is hereby dismissed.

SO ORDERED.

Dated: New York, NY  _____
February 10, 2009   JED S. RAKOFF, U.S.D.J.

---

[3] This court would not have jurisdiction to undertake any such review. Under § 212(i) of the INA, codified at 8 U.S.C. § 1182(i), an alien who sought admission to the U.S. by fraud or willful misrepresentation of material fact in violation of § 212(a)(6)(c) may apply for a waiver of inadmissibility. The decision to grant or deny a waiver sought under this provision is an exercise of discretion by the Attorney General, see 8 U.S.C. § 1182(i)(1); Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008), and no court has jurisdiction to review such a decision, see 8 U.S.C. § 1182(i)(2), except to the extent that constitutional claims or questions of law are raised, in which case the appropriate court of appeals has exclusive jurisdiction, see 8 U.S.C. § 1252(a)(2)(D); Xiao Ji Chen v. U.S. Dept. of Justice, 471 F.3d 315, 324 (2d Cir. 2006).

denial of his second Application for Waiver of Inadmissibility. Mr. Shabaj does not ask this Court to review the denial of his Application for Waiver.[3] He did, however, initially request that the Court stay his removal during the pendency of his appeal of that denial, see Compl., and subsequently, by letter dated February 9, 2009, he has asked in the alternative that the Court stay his removal for two to three days so that he can seek an appeal and stay from the Second Circuit Court of Appeals. The Court grants petitioner's latter request and orders that his removal be stayed for three (3) days, i.e., until 5:00 p.m. on February 13, 2009, so that he can seek relief from the Court of Appeals.

Except as to the enforcement of this stay, this case is hereby dismissed.

SO ORDERED.

Dated: New York, NY
       February 10, 2009

JED S. RAKOFF, U.S.D.J.

---

[3] This court would not have jurisdiction to undertake any such review. Under § 212(i) of the INA, codified at 8 U.S.C. § 1182(i), an alien who sought admission to the U.S. by fraud or willful misrepresentation of material fact in violation of § 212(a)(6)(c) may apply for a waiver of inadmissibility. The decision to grant or deny a waiver sought under this provision is an exercise of discretion by the Attorney General, see 8 U.S.C. § 1182(i)(1); Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008), and no court has jurisdiction to review such a decision, see 8 U.S.C. § 1182(i)(2), except to the extent that constitutional claims or questions of law are raised, in which case the appropriate court of appeals has exclusive jurisdiction, see 8 U.S.C. § 1252(a)(2)(D); Xiao Ji Chen v. U.S. Dept. of Justice, 471 F.3d 315, 324 (2d Cir. 2006).